Court Cases Online

**DISTRICT OF COLUMBIA COURTS**

| D.C. Courts Home |

## Court Cases Online

**Click here to view search criteria**

Case Search for Person: WRIGHT, WANDA

Search retrieved 43 cases in less than a second.

**Click here to view search results**

Selected 1 cases to view

Viewing single case; Details retrieved in less than a second.

**Click here to view case summary**

### 2015 CA 007215 B: WRIGHT, WANDA J. Vs. NATIONAL RAILROAD PASSENGER CORPORATION, et al.

| Case Type: Civil II | File Date: 09/18/2015 |
|---|---|
| Status: Open | Status Date: 09/18/2015 |
| Disposition: Undisposed | Disposition Date: |

| Party Name | Party Alias(es) | Party Type | Attorney(s) |
|---|---|---|---|
| WRIGHT, WANDA J. | | PLAINTIFF | PRO SE |
| NATIONAL RAILROAD PASSENGER CORPORATION | AMTRAK | Defendant | PATEL, NADIA |
| AMTRAK FRATERNAL ORDER OF POLICE NEW JERSEY LODGE | | Defendant | CROWLEY, DANIEL S |

| Schedule Date | Schedule Time | Description |
|---|---|---|
| 01/08/2016 | 10:00 AM | Initial Scheduling Conference-60 |

| Docket Date | Description | Messages |
|---|---|---|
| 11/17/2015 | Opposition Filed: | Amended Plaintiff's Opposition to Defendant I Motion to Dimiss Filed. submitted . tds<br>Attorney: PRO SE (999999)<br>WANDA J. WRIGHT (Plaintiff); |
| 11/17/2015 | Motion to Reconsider Filed: | Amended Motion to Reconsider Plaintiff's Motion for Entry of Default Filed.<br>Attorney: PRO SE (999999)<br>WANDA J. WRIGHT (Plaintiff); |
| 11/16/2015 | Motion Filed: | Plaintiff's Motion for Court to Deny Defendant I Motion to Dismiss (certificate of service not dated/doesn't match title of pleading) Filed:<br>Attorney: PRO SE (999999)<br>WANDA J. WRIGHT (Plaintiff); |
| 11/16/2015 | Motion to Reconsider Filed: | Amended Motion to Reconsider Plaintiff's Motion for Entry of Default (certificate of service not dated) Filed:<br>Attorney: PRO SE (999999)<br>WANDA J. WRIGHT (Plaintiff); |
| 11/11/2015 | Motion to Dismiss Filed | Motion to Dismiss Plaintiff's Complaint. Filed. Submitted. 11/11/2015 14:59. ncv.<br>Attorney: PATEL, NADIA (1019170)<br>NATIONAL RAILROAD PASSENGER CORPORATION (Defendant); Receipt: 324424 Date: 11/12/2015 |
| 11/05/2015 | Motion Filed: | Motion to Reconsider Plaintiff's Motion for Entry of Default<br>Attorney: PRO SE (999999)<br>WANDA J. WRIGHT (Plaintiff); |
| 11/04/2015 | Additional eFiling Document to | Additional eFiling Document to Defendant Amtrak Police Lodge 189 Labor Committee's Opposition to Plaintiff's Motion for Clerk's Office to Enter Default Filed submitted. 11/04/2015 16:17. Pla<br>Attorney: CROWLEY, DANIEL S (989874) |
| 11/04/2015 | Opposition to Motion for Default Filed | Defendant Amtrak Police Lodge 189 Labor Committee's Opposition to Plaintiff's Motion for Clerk's Office to Enter Default Filed submitted. 11/04/2015 16:17. Pla<br>Attorney: CROWLEY, DANIEL S (989874)<br>AMTRAK FRATERNAL ORDER OF POLICE NEW JERSEY LODGE (Defendant); |
| 11/03/2015 | Order Filed | Order Denying Without Prejudice Plaintiff Wanda Wright's Motion for Clerk's Office to Enter Default. Signed by Judge Mott on 11/03/2015. Submitted 11/03/2015 16:08 SV |
| 11/03/2015 | Order Denying Motion for Default Entered on the Docket | Order Denying Motion for Clerk's Office to Enter Default Entered on the Docket. Signed in chambers by Judge Mott, docketed, efiled, and eserved on November 3, 2015. EWF/LC |
| 10/27/2015 | Opposition to Motion for Default Filed | Opposition to Plaintiff's Motion for Entry of Default Filed. Submitted 10/27/2015 12:32 SV<br>NATIONAL RAILROAD PASSENGER CORPORATION (Defendant);<br>Attorney: PATEL, NADIA (1019170) |
| 10/21/2015 | Motion for Default Filed | Motion for Clerk's Office to Enter Default Filed.<br>Attorney: PRO SE (999999)<br>WANDA J. WRIGHT (PLAINTIFF); |

| Date | Event | Description |
|---|---|---|
| 10/14/2015 | Final Notice of Acknowledgment mailed to deft(s) on: | Final Notice of Acknowledgment summons, complaint, initial order and addendum mailed to AMTRAK FRATERNAL ORDER OF POLICE NEW JERSEY LODGE deft(s) on October 14,2015.by the clerk pursuant to SCR 4(c) (4). R.B AMTRAK FRATERNAL ORDER OF POLICE NEW JERSEY LODGE (Defendant); |
| 10/14/2015 | Final Notice of Acknowledgment mailed to deft(s) on: | Final Notice of Acknowledgment summons, complaint, initial order and addendum mailed to NATIONAL RAILROAD PASSENGER CORPORATION deft(s) on October 14,2015.by the clerk pursuant to SCR 4(c) (4). R.B: NATIONAL RAILROAD PASSENGER CORPORATION (Defendant); |
| 09/22/2015 | Complaint Summons and I.O. with Acknowledgment Form mailed to Deft(s) | Complaint Summons and I.O. with Acknowledgment Form mailed to Deft(s) (National Railroad Passenger Corporation) by the Clerk Pursuant to SCR 54-II this date: 09/22/2015. JB NATIONAL RAILROAD PASSENGER CORPORATION (Defendant); |
| 09/22/2015 | Complaint Summons and I.O. with Acknowledgment Form mailed to Deft(s) | Complaint Summons and I.O. with Acknowledgment Form mailed to Deft(s) (Amtrak Police FOP NJ Lodge 189) by the Clerk Pursuant to SCR 54-II this date: 09/22/2015. JB AMTRAK FRATERNAL ORDER OF POLICE NEW JERSEY LODGE (Defendant); |
| 09/18/2015 | Service Issued | Issue Date: 09/18/2015<br>Service: Summons Issued<br>Method: Service Issued<br>Cost Per: $<br><br>NATIONAL RAILROAD PASSENGER CORPROATION<br>60 Massachusetts Avenue NE<br>WASHINGTON, DC 20002<br>Tracking No: 5000164655<br><br>AMTRAK FRATERNAL ORDER OF POLICE NEW JERSEY LODGE<br>P.O. Box 143 JAF Station<br>NEW YORK, NY 10116<br>Tracking No: 5000164656 |
| 09/18/2015 | Event Scheduled | Event Scheduled<br>Event: Initial Scheduling Conference-60<br>Date: 01/08/2016 Time: 10:00 am<br>Judge: MOTT, JOHN M Location: Courtroom 517 |
| 09/18/2015 | Order Granting Motion to Proceed In Forma Pauperis Entered on the Docket | Order Granting Motion to Proceed In Forma Pauperis Entered on the Docket on 09/18/2015 Signed by J/Mitchell-Rankin 09/18/2015 |
| 09/18/2015 | Motion to Proceed In Forma Pauperis Filed | Motion to Proceed In Forma Pauperis Filed<br>Attorney: PRO SE (999999)<br>WANDA J. WRIGHT (PLAINTIFF); |
| 09/18/2015 | Complaint for Personal Injury Filed | Complaint for Personal Injury Filed<br>Attorney: PRO SE (999999)<br>WANDA J. WRIGHT (PLAINTIFF); |

| Receipt # | Date | From | Payments | | Fee | | Amount Paid |
|---|---|---|---|---|---|---|---|
| 324424 | 11/12/2015 | PATEL, NADIA | Efile | $20.00 | Cost | $20.00 | $20.00 |

OCT 22 2015

Amtrak Claims Department
Corporate Headquarters   Form CA 1-A: Notice and Acknowledge for Service by Mail
Washington, DC



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

Wanda J. Wright
_____
_____ Plaintiff(s)_____

v.

Case No: 2015 CA 7215 B

National Railroad Passenger Corporation et al.
_____
_____ Defendant(s)_____

## NOTICE

To (insert name and address of the party to be served):

Amtrak Police FOP NJ Lodge 189
_____
P.O. Box 143 JAF Station
_____
New York, NY 10113
_____

The enclosed summons, complaint and initial order are served pursuant to Rule 4(c)(4) of the Superior Court Rules of Civil Procedure.

You must sign and date the Acknowledgement (below). If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate next to your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate next to your signature your authority.

If you do not complete and return the form to the sender within twenty (20) days after it has been mailed, you (or the other party on whose behalf you are being served) may be required to pay any expenses incurred in serving a summons, complaint and initial order in any other manner permitted by law.

If you do complete and return this form, you (or the other party on whose behalf you are being served) must answer the complaint within twenty (20) days after you have signed, dated and returned the form. If you fail to do so, judgment by default may be entered against you for the relief demanded in the complaint.

This Notice and Acknowledgment of Receipt of Summons, Complaint and Initial Order was mailed on (insert date): 09/22/2015

_____
Signature

9/22/15
_____
Date of Signature

## ACKNOWLEDGMENT OF RECEIPT OF SUMMONS, COMPLAINT, AND INITIAL ORDER

I (print name) _____ received a copy of the summons, complaint and initial order in the above captioned matter at (insert address): _____
_____
_____

_____
Signature

_____
Relationship to Defendant/Authority
to Receive Service

_____
Date of Signature

Para pedir una traducción, llame al (202) 879-4828       如需翻译,请打电话 (202) 879-4828        Veuillez appeler au (202) 879-4828 pour une traduction
Để có một bài dịch, hãy gọi (202) 879-4828        번역을 원하시면, (202) 879-4828 로 전화 주십시오

DISTRICT OF COLUMBIA: SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

WANDA J. WRIGHT,
PO Box 7079, Washington, DC, 20032

      Plaintiff,

           **15 - 0 0 7 2 1 5**

v.

    Civil Action No. _____

NATIONAL RAILROAD PASSENGER
CORPORATION, d/b/a AMTRAK
60 Massachusetts Avenue NE,
Washington, DC 20002

      Defendant I,

FILED
CIVIL ACTIONS BRANCH

SEP 1 8 2015

Superior Court
of the District of Columbia
Washington, DC.

AMTRAK POLICE FRATERNAL ORDER OF POLICE
NEW JERSEY LODGE 189
P.O. Box 143 JAF Station
New York, NY 10116

      Defendant II.

## COMPLAINT

    The Plaintiff, Wanda J. Wright, pro se, respectfully moves this Honorable Court for entry

of judgment against the Defendants for the reasons and in the amounts more particularly set forth

as follows:

    1.  The Plaintiff was a resident of the District of Columbia and worked for Defendant I in

the District of Columbia beginning August 14, 2008.

    2.  Defendant I, National Railroad Passenger Corporation, d/b/a Amtrak, (hereinafter

"Amtrak") is a corporation organized and existing under the laws of the District of Columbia and

conducts its business in Washington Union Station located in the Districted of Columbia.

    3.  Defendant II, Amtrak Police Department (APD) Fraternal Order of Police (FOP)

New Jersey Lodge 189 is a collective bargaining union which is organized as a representative for

police officers who work for Defendant I.



1

4. The Plaintiff was a member of APD FOP NJ Lodge 189 and paid all union dues in good faith through required direct deposit.

5. Membership with the APD FOP NJ Lodge 189 is a condition of employment for all police officers with the Amtrak Police Department (APD).

6. The Plaintiff was required to pay Defendant II an initial fee of 5 HUNDRED DOLLARS ($500), and 65 DOLLARS ($65) each month afterwards. Failure to pay union dues results in termination of employment with Defendant I.

7. The court has subject matter jurisdiction over the controversy and venue is proper in this Court.

8. The cause of action arises under The Labor Management Relations Act (LMRA) §301 (29 U.S.C. § 185).

## COUNT I

9. On December 5, 2013, Defendant I forced the Plaintiff out of work and placed her on Injury on Duty status (IOD).

10. Defendant II refused to file a grievance on the Plaintiff's behalf by January 5, 2014 after Defendant I forced the Plaintiff out of work in December 2013.

11. On September 24, 2014, Defendant I denied the Plaintiff's request for reasonable accommodations under the Americans with Disabilities Act (ADA).

12. Defendant II refused to file a grievance on the Plaintiff's behalf by October 24, 2014 after Defendant I denied the Plaintiff's ADA request.

13. On October 16, 2014, Defendant I fired the Plaintiff when it wrongfully medically disqualified the Plaintiff from her job as an Amtrak police officer.

14. Defendant II refused to file a grievance on the Plaintiff's behalf by November 16, 2014

2

after Defendant I medically disqualified the Plaintiff from her job.

## COUNT II

15. Defendant II notified the Plaintiff on April 24, 2015 of its intent abandon Plaintiff's issue.

16. Defendant I interfered with the Plaintiff's right to file grievances with Defendant II.

17. Defendant II breached its duty to fairly represent the Plaintiff's interest under the collective bargaining agreement, which aided Defendant I in firing the Plaintiff without just cause.

## PRAYER FOR RELIEF

18. Defendants I & II failed to comply with the provisions and requirements of the Labor Management Relations Act (LMRA) §301 (29 U.S.C. § 185).

19. Plaintiff's suffering was caused in whole or in part by the negligence of Defendants I & II.

20. As a result of the negligence of Defendants I & II, the Plaintiff has suffered mental anguish, has lost time and earnings from her employment, lost her job, place of residence, remains unemployed, and is unable to obtain housing and employment as a result of her status.

WHEREFORE, the Plaintiff, Wanda Wright, pro se, demands a trial by jury and respectfully moves this court for an award of damages against the defendants in the amount of 5 HUNDRED THOUSAND DOLLARS ($500,000), plus all costs allowed by law to be charged against the defendants and for such other relief as deemed appropriate and permitted by law.

Respectfully submitted,

WANDA J. WRIGHT
Pro se

3

Wanda J. Wright
P.O. Box 7079
Washington, DC 20032
(202) 294-9753

4

Submitted on September 13, 2015

Wanda J. Wright
P.O. Box 7079
Washington DC 20032
(202) 294-9753

Plaintiff, Pro se

Pursuant to 49 U.S.C. 49 U.S.C. § 24301(b)

**Defendant I**

Eleanor D. Acheson
Chief Legal Officer, General Counsel & Corporate Secretary
National Railroad Passenger Corporation
60 Massachusetts Avenue, NE
Washington DC 20002
(202) 906-3000

Counsel for National Railroad Passenger Corporation

**Defendant II**

Amtrak Fraternal Order of Police Lodge 189 Labor Committee
Secretary Anthony Knox
P.O. Box 143 JAF Station
New York, NY 10116

Contact Information for Service confirmed by Anthony Knox

Thomas Cushane
1028 East Landis Avenue
Vinland, New Jersey 08360
Counsel for Amtrak Police Lodge 189 Union

Contact Information for Union Counsel confirmed by APD Union President David Pearlson

5



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

_Wanda J. Wright_ _____
Plaintiff

**15 - 0 0 7 2 1 5**

vs.

Case Number _____

_Amtrak Police FOP NT Lodge 189_
Defendant

### SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

_Pro Se  Wanda J. Wright_
Name of Plaintiff's Attorney

_PO Box 7079_
Address
_Washington DC 20032_

_(202) 294-9753_
Telephone
如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction
번역을 원하시면, (202) 879-4828 로 전화주십시요     የአማርኛ አስተርጓሚ ካስፈለገዎ (202) 879-4828 ይደውሉ

By _____

Date _____

Clerk of the Court

(202) 879-4828

**IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._**

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-682-2700) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

FORM SUMMONS - Jan. 2011

CASUM.doc



**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
**DIVISIÓN CIVIL**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Teléfono: (202) 879-1133

_____
                            Demandante

contra

_____
                            Demandado

Número de Caso: _____

### CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veinte (20) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que Usted le entregue al demandante una copia de la Contestación o en el plazo de cinco (5) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

                                                    *SECRETARIO DEL TRIBUNAL*

Nombre del abogado del Demandante
_____

                                    Por: _____
Dirección                                                    Subsecretario
_____

_____
                                    Fecha _____
Teléfono
如需翻译,请打电话 (202) 879-4828      Veuillez appeler au (202) 879-4828 pour une traduction      Để có một bài dịch, hãy gọi (202) 879-4828
       번역을 원하시면, (202) 879-4828 로 전화주십시오           የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO, O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍAN RETENERLE SUS INGRESOS, O PODRÍAN TOMAR SUS BIENES PERSONALES O RAÍCES Y VENDERLOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, _NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO._

Si desea conversar con un abogado y le parece que no puede afrontar el costo de uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-682-2700) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse de otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

                                                                        CASUM.doc



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

Wanda J. Wright
_____
Plaintiff

vs.                                    15 - 0 0 7 2 1 5

National Railroad Passenger Corporation        Case Number
d/b/a Amtrak
_____
Defendant

**SUMMONS**

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Pro Se   Wanda J. Wright
_____
Name of Plaintiff's Attorney

PO Box 7079
_____
Address                              By _____
Washington, DC 20032                        Deputy Clerk

(202) 294-9753
_____
Telephone                            Date 07/18/20__

如需翻译, 请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    번역을 원하시면, (202) 879-4828 로 전화주십시오    (Amharic) (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-682-2700) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

FORM SUMMONS - Jan. 2011                              CASUM.doc



**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
**DIVISIÓN CIVIL**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Teléfono: (202) 879-1133

_____
                          Demandante

contra

_____
                          Demandado

Número de Caso: _____

## CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veinte (20) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que Usted le entregue al demandante una copia de la Contestación o en el plazo de cinco (5) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

_SECRETARIO DEL TRIBUNAL_

_____
Nombre del abogado del Demandante

                          Por: _____
_____             Subsecretario
Dirección

                          Fecha _____
_____
Teléfono

如需翻译,请打电话 (202) 879-4828      Veuillez appeler au (202) 879-4828 pour une traduction      Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화주십시오       የአማርኛ ትርጉም አስፈላጊ ከሆነ (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO, O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍAN RETENERLE SUS INGRESOS, O PODRÍAN TOMAR SUS BIENES PERSONALES O RAÍCES Y VENDERLOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, _NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO_.

Si desea conversar con un abogado y le parece que no puede afrontar el costo de uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-682-2700) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse de otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CASUM.doc

# Superior Court of the District of Columbia

CIVIL DIVISION- CIVIL ACTIONS BRANCH

INFORMATION SHEET

**15 - 0 0 7 2 1 5**

Wanda J. Wright

Case Number: _____

Date: **September 18, 2015**

vs

Natl. RR Passenger Corp. (Amtrak) & AMTRAK FOP NJ LODGE 189

☐ One of the defendants is being sued
in their official capacity.

| | |
|---|---|
| Name: *(Please Print)*   Wanda J. Wright | Relationship to Lawsuit |
| Firm Name: | ☐ Attorney for Plaintiff |
| Telephone No.:        Six digit Unified Bar No.:  **(202) 294-9753** | ☒ Self (Pro Se) |
| | ☐ Other: _____ |

TYPE OF CASE: ☒ Non-Jury        ☐ 6 Person Jury        ☐ 12 Person Jury
Demand: $ **$500,000**                           Other: **1 Non Injury**

PENDING CASE(S) RELATED TO THE ACTION BEING FILED

Case No.: _____   Judge: _____   Calendar #: _____

Case No.: _____   Judge: _____   Calendar#: _____

---

**NATURE OF SUIT:**   *(Check One Box Only)*

**A. CONTRACTS**                                                     **COLLECTION CASES**

| | | |
|---|---|---|
| ☐ 01 Breach of Contract | ☐ 07 Personal Property | ☐ 14 Under $25,000 Pltf. Grants Consent |
| ☐ 02 Breach of Warranty | ☐ 09 Real Property-Real Estate | ☐ 16 Under $25,000 Consent Denied |
| ☐ 06 Negotiable Instrument | ☐ 12 Specific Performance | ☐ 17 OVER $25,000 Pltf. Grants Consent |
| ☐ 15 Special Education Fees | ☐ 13 Employment Discrimination | ☐ 18 OVER $25,000 Consent Denied |
| ☐ 10 Mortgage Foreclosure/Judicial Sale | | |

**B. PROPERTY TORTS**

| | | |
|---|---|---|
| ☐ 01 Automobile | ☐ 03 Destruction of Private Property | ☐ 05 Trespass |
| ☐ 02 Conversion | ☐ 04 Property Damage | ☐ 06 Traffic Adjudication |
| ☐ 07 Shoplifting, D.C. Code § 27-102 (a) | | |

**C. PERSONAL TORTS**

| | | |
|---|---|---|
| ☐ 01 Abuse of Process | ☐ 09 Harassment | ☒ 17 Personal Injury- (Not Automobile, Not Malpractice) |
| ☐ 02 Alienation of Affection | ☐ 10 Invasion of Privacy | ☐ 18 Wrongful Death (Not Malpractice) |
| ☐ 03 Assault and Battery | ☐ 11 Libel and Slander | ☐ 19 Wrongful Eviction |
| ☐ 04 Automobile- Personal Injury | ☐ 12 Malicious Interference | ☐ 20 Friendly Suit |
| ☐ 05 Deceit (Misrepresentation) | ☐ 13 Malicious Prosecution | ☐ 21 Asbestos |
| ☐ 06 False Accusation | ☐ 14 Malpractice Legal | ☐ 22 Toxic/Mass Torts |
| ☐ 07 False Arrest | ☐ 15 Malpractice Medical (Including Wrongful Death) | ☐ 23 Tobacco |
| ☐ 08 Fraud | ☐ 16 Negligence- (Not Automobile, Not Malpractice) | ☐ 24 Lead Paint |

SEE REVERSE SIDE AND CHECK HERE ☐ IF USED

CV-496/Oct 14

# Information Sheet, Continued

**C. OTHERS**

- [ ] 01 Accounting
- [ ] 02 Att. Before Judgment
- [ ] 04 Condemnation (Emin. Domain)
- [ ] 05 Ejectment
- [x] 07 Insurance/Subrogation
      Under $25,000 Pltf.
      Grants Consent
- [ ] 08 Quiet Title
- [ ] 09 Special Writ/Warrants
      (DC Code § 11-941)

- [ ] 10 T.R.O./ Injunction
- [ ] 11 Writ of Replevin
- [ ] 12 Enforce Mechanics Lien
- [ ] 16 Declaratory Judgment
- [ ] 17 Merit Personnel Act (OEA)
      (D.C. Code Title 1, Chapter 6)
- [ ] 18 Product Liability
- [ ] 24 Application to Confirm, Modify,
      Vacate Arbitration Award
      (DC Code § 16-4401)

- [ ] 25 Liens: Tax/Water Consent Granted
- [ ] 26 Insurance/ Subrogation
      Under $25,000 Consent Denied
- [ ] 27 Insurance/ Subrogation
      Over $25,000 Pltf. Grants Consent
- [ ] 28 Motion to Confirm Arbitration
      Award (Collection Cases Only)
- [ ] 29 Merit Personnel Act (OHR)
- [ ] 30 Liens: Tax/ Water Consent Denied
- [ ] 31 Housing Code Regulations
- [ ] 32 Qui Tam
- [ ] 33 Whistleblower
- [ ] 34 Insurance/Subrogation
      Over $25,000 Consent Denied

**II.**

- [ ] 03 Change of Name
- [ ] 06 Foreign Judgment
- [ ] 13 Correction of Birth Certificate
- [ ] 14 Correction of Marriage
      Certificate

- [ ] 15 Libel of Information
- [ ] 19 Enter Administrative Order as
      Judgment [ D.C. Code §
      2-1802.03 (h) or 32-1519 (a)]
- [ ] 20 Master Meter (D.C. Code §
      42-3301, et seq.)

- [ ] 21 Petition for Subpoena
      [Rule 28-1 (b)]
- [ ] 22 Release Mechanics Lien
- [ ] 23 Rule 27(a) (1)
      (Perpetuate Testimony)
- [ ] 24 Petition for Structured Settlement
- [ ] 25 Petition for Liquidation

_Pro se_ _(signature)_
Attorney's Signature

September 18, 2015
Date

CV-496/Oct 14



**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

WANDA J. WRIGHT
Vs.                                    C.A. No.    2015 CA 007215 B
NATIONAL RAILROAD PASSENGER CORPORATION et al

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order.  Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Lee F. Satterfield

Case Assigned to:  Judge JOHN M MOTT
Date:   September 18, 2015
Initial Conference: 10:00 am, Friday, January 08, 2016
Location:   Courtroom 517
            500 Indiana Avenue N.W.
            WASHINGTON, DC  20001                          Caio.doc

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Lee F. Satterfield

Caio.doc

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA** ~~FILED~~
**CIVIL DIVISION**

CIVIL ACTIONS BRANCH

OCT 21 2015

Superior Court
of the District of Colombia
Washington, DC.

WANDA J. WRIGHT,                              )
                                             )
        Plaintiff,                            )
                                             )
        v.                                    )   Case No. 15-007215
                                             )   Hon. John M. Mott
NATIONAL RAILROAD PASSENGER                   )   Initial Conference
CORPORATION, d/b/a AMTRAK                     )   01/08/2016
                                             )
        Defendant I,                          )
                                             )
AMTRAK POLICE FRATERNAL ORDER OF POLICE )
NEW JERSEY LODGE 189                          )
                                             )
        Defendant II.                         )

**RECEIVED**
AMTRAK

OCT 23 2015

**ELEANOR D. ACHESON**
EXECUTIVE VICE PRESIDENT,
CHIEF LEGAL OFFICER,
L. COUNSEL & CORPORATE SECRETARY

## MOTION FOR CLERK'S OFFICE TO ENTER DEFAULT

Plaintiff, WANDA J. WRIGHT (hereinafter "Plaintiff") respectfully requests this Court

and its Clerk's Office to enter default against Defendant's I and II in this action, and show that

the complaint in the above case was filed in this Court on the 18th day of September 2015; the

summons and complaint were duly served on the National Railroad Passenger Corporation, d/b/a

Amtrak, and Amtrak Police Fraternal Order of Police New Jersey Lodge 189, on the 18th day of

September 2015; no answers or other defenses have been filed by Defendants; Defendants were

not in military service and are not infants or incompetent as appears in the declaration of Plaintiff

submitted herewith.

On September 8, 2015 Plaintiff contacted Anthony Knox, Secretary for Amtrak Police

FOP NJ Lodge 189 via telephone to verify and confirm an address to serve Defendant II with the

above complaint, and to advise that Plaintiff planned to file a complaint against Defendant II (see

phone record attached). On September 8, 2015, David Pearlson, Plaintiff's former union

1

president, sent Plaintiff an e-mail confirming that Knox had provided Plaintiff with the correct address to serve Defendant II with the above complaint (see e-mail attached).

Plaintiff filed a separate complaint against Defendant I on September 2, 2015 at the same address that was used for service (pursuant to 49 U.S.C. § 24301(b) in the above complaint (See CA 2015-006775B and CA15-007215). Defendant I responded to Plaintiff's September 2, 2015 complaint on September 28, 2015 pursuant to Federal Rule of Civil Procedure 12(a)(b), but refused to follow the same rules by responding to the above complaint. Plaintiff also entered the addresses of Defendant I and II and their attorneys on the complaint above to be served (CA 15-007215, p.5).

Federal Rule of Civil Procedure 12(a)(1) states, "Unless a different time is prescribed in an applicable statute, a defendant shall serve an answer within 20 days after being served with the summons and complaint." Federal Rule of Civil Procedure 12(a)(5) also states that, "Except where the time to respond to the complaint has been extended as provided in Rule 55(a), failure to comply with the requirements of this Rule shall result in the entry of a default by the Clerk or the Court sua sponte unless otherwise ordered by the Court."

WHEREFORE, the Plaintiff, Wanda Wright, pro se, respectfully moves this Court for default against Defendants I and II, and a default for judgment awarding damages against the defendants in the amount of 5 HUNDRED THOUSAND DOLLARS ($500,000), plus all costs allowed by law to be charged against the defendants and for such other relief as deemed appropriate and permitted by law.

Respectfully submitted on October 21, 2015,

WANDA J. WRIGHT
Pro se

Wanda J. Wright

P.O. Box 7079
Washington, DC 20032
(202) 294-9753


Submitted on October 21, 2015

Wanda J. Wright
P.O. Box 7079
Washington DC 20032
(202) 294-9753

Plaintiff, Pro se

Pursuant to 49 U.S.C. § 24301(b)

**Defendant I**

Eleanor D. Acheson
Chief Legal Officer, General Counsel & Corporate Secretary
National Railroad Passenger Corporation
60 Massachusetts Avenue, NE
Washington DC 20002
(202) 906-3000

Counsel for National Railroad Passenger Corporation

**Defendant II**

Amtrak Fraternal Order of Police Lodge 189 Labor Committee
Secretary Anthony Knox
P.O. Box 143 JAF Station
New York, NY 10116

Contact Information for Service confirmed by Anthony Knox

Thomas Cushane
1028 East Landis Avenue
Vinland, New Jersey 08360
Counsel for Amtrak Police Lodge 189 Union

Contact Information for Union Counsel confirmed by APD Union President David Pearlson

3

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### CIVIL DIVISION

WANDA J. WRIGHT,     )
           )
  Plaintiff,      )
           )
  v.         ) Case No. 15-007215
           ) Hon. John M. Mott
NATIONAL RAILROAD PASSENGER ) Initial Conference
CORPORATION, d/b/a AMTRAK  ) 01/08/2016
           )
  Defendant I,     )
           )
AMTRAK POLICE FRATERNAL ORDER OF POLICE )
NEW JERSEY LODGE 189    )
           )
  Defendant II.     )

### PROPOSED ORDER

Upon consideration of Plaintiff's Motion for Clerk's Office to Enter Default, any opposition

thereto, and the record herein; it is on this _____ day of _____, 2015, hereby

**ORDERED**, that the motion shall be and is hereby GRANTED, and it is further

**ORDERED**, that this Court's Clerk Office enter default against Defendants I and II.

_____

Honorable John M. Mott

cc:

Wanda J. Wright
P.O. Box 7079
Washington, DC 20032

Pursuant to 49 U.S.C. 49 U.S.C. § 24301(b)

**Defendant I**

Eleanor D. Acheson
Chief Legal Officer, General Counsel & Corporate Secretary
National Railroad Passenger Corporation
60 Massachusetts Avenue, NE
Washington DC 20002
(202) 906-3000

Counsel for National Railroad Passenger Corporation

**Defendant II**

Amtrak Fraternal Order of Police Lodge 189 Labor Committee
Secretary Anthony Knox
P.O. Box 143 JAF Station
New York, NY 10116

Contact Information for Service confirmed by Anthony Knox

Thomas Cushane
1028 East Landis Avenue
Vinland, New Jersey 08360
Counsel for Amtrak Police Lodge 189 Union

Contact Information for Union Counsel confirmed by APD Union President David Pearlson

5

| Date | Time | Number | Rate | Usage Type | Origin | Destination | Minutes | Airtime |
|------|------|--------|------|------------|--------|-------------|---------|---------|
| 9/3/2015 | 12:25AM | 800-762-22 | Off-Peak | N&W | Arlington V | Toll-Free Cl | 1 | -- |
| 9/3/2015 | 1:02AM | 800-762-22 | Off-Peak | N&W | Washingto | Toll-Free Cl | 1 | -- |
| 9/3/2015 | 5:34AM | 800-762-22 | Off-Peak | N&W | Washingto | Toll-Free Cl | 2 | -- |
| 9/3/2015 | 6:48AM | 800-762-22 | Peak | PlanAllow | Washingto | Toll-Free Cl | 1 | -- |
| 9/3/2015 | 7:47AM | 866-667-69 | Peak | PlanAllow | Washingto | Toll-Free Cl | 2 | -- |
| 9/3/2015 | 8:03AM | 800-762-22 | Peak | PlanAllow | Washingto | Toll-Free Cl | 2 | -- |
| 9/3/2015 | 8:24AM | 877-772-57 | Peak | PlanAllow | Washingto | Toll-Free Cl | 1 | -- |
| 9/3/2015 | 8:25AM | 202-208-30 | Peak | PlanAllow | Washingto | Washingto | 7 | -- |
| 9/3/2015 | 8:32AM | 410-962-28 | Peak | PlanAllow | Washingto | Baltimore I | 3 | -- |
| 9/3/2015 | 9:01AM | 877-772-57 | Peak | PlanAllow | Arlington V | Toll-Free Cl | 4 | -- |
| 9/3/2015 | 9:05AM | 800-762-22 | Peak | PlanAllow | Arlington V | Toll-Free Cl | 1 | -- |
| 9/3/2015 | 9:28AM | 202-274-40 | Peak | PlanAllow | Arlington V | Washingto | 2 | -- |
| 9/3/2015 | 10:03AM | 800-762-22 | Peak | PlanAllow | Arlington V | Toll-Free Cl | 1 | -- |
| 9/3/2015 | 10:12AM | 410-962-22 | Peak | PlanAllow | Arlington V | Incoming C | 37 | -- |
| 9/3/2015 | 10:49AM | 202-269-51 | Peak | PlanAllow | Arlington V | Washingto | 5 | -- |
| 9/3/2015 | 10:57AM | 202-861-09 | Peak | PlanAllow | Arlington V | Washingto | 8 | -- |
| 9/3/2015 | 11:05AM | 312-499-14 | Peak | PlanAllow | Arlington V | Chicago IL | 2 | -- |
| 9/3/2015 | 11:30AM | 800-762-22 | Peak | PlanAllow | Arlington V | Toll-Free Cl | 1 | -- |
| 9/3/2015 | 11:37AM | 000-000-00 | Peak | PlanAllow,( | Arlington V | Voice Mail | 1 | -- |
| 9/3/2015 | 12:19PM | 888-304-91 | Peak | PlanAllow | Washingto | Toll-Free Cl | 1 | -- |
| 9/3/2015 | 2:27PM | 615-399-09 | Peak | PlanAllow | Washingto | Nashville T | 2 | -- |
| 9/3/2015 | 2:28PM | 732-312-77 | Peak | M2MAllow | Washingto | Belmar NJ | 1 | -- |
| 9/3/2015 | 2:29PM | 202-547-81 | Peak | PlanAllow | Washingto | Washingto | 4 | -- |
| 9/3/2015 | 2:33PM | 609-599-12 | Peak | PlanAllow | Washingto | Trenton NJ | 2 | -- |
| 9/3/2015 | 2:35PM | 609-599-12 | Peak | PlanAllow | Washingto | Trenton NJ | 2 | -- |
| 9/3/2015 | 2:37PM | 202-328-55 | Peak | PlanAllow | Washingto | Washingto | 1 | -- |
| 9/3/2015 | 3:16PM | 202-879-11 | Peak | PlanAllow | Washingto | Washingto | 11 | -- |
| 9/3/2015 | 6:38PM | 800-762-22 | Peak | PlanAllow | Washingto | Toll-Free Cl | 2 | -- |
| 9/4/2015 | 12:15AM | 800-762-22 | Off-Peak | N&W | Washingto | Toll-Free Cl | 1 | -- |
| 9/4/2015 | 4:50AM | 800-762-22 | Off-Peak | N&W | Washingto | Toll-Free Cl | 1 | -- |
| 9/4/2015 | 6:54AM | 800-762-22 | Peak | PlanAllow | Washingto | Toll-Free Cl | 1 | -- |
| 9/4/2015 | 12:58PM | 877-727-57 | Peak | PlanAllow | Washingto | Toll-Free Cl | 2 | -- |
| 9/4/2015 | 1:47PM | 301-839-34 | Peak | PlanAllow | Washingto | Oxon Hill M | 4 | -- |
| 9/4/2015 | 1:53PM | 609-599-12 | Peak | PlanAllow | Washingto | Trenton NJ | 2 | -- |
| 9/4/2015 | 2:02PM | 609-599-12 | Peak | PlanAllow | Washingto | Trenton NJ | 2 | -- |
| 9/4/2015 | 2:03PM | 609-599-12 | Peak | PlanAllow | Washingto | Trenton NJ | 1 | -- |
| 9/4/2015 | 2:04PM | 609-599-12 | Peak | PlanAllow | Washingto | Trenton NJ | 1 | -- |
| 9/4/2015 | 2:05PM | 609-599-12 | Peak | PlanAllow | Washingto | Trenton NJ | 2 | -- |
| 9/4/2015 | 2:12PM | 202-540-98 | Peak | PlanAllow | Washingto | Washingto | 5 | -- |
| 9/4/2015 | 3:01PM | 000-000-00 | Peak | PlanAllow,( | Washingto | Voice Mail | 2 | -- |
| 9/5/2015 | 11:41AM | 202-673-68 | Off-Peak | N&W | Fort Washi | Washingto | 2 | -- |
| 9/5/2015 | 12:29PM | 301-839-34 | Off-Peak | N&W | Washingto | Oxon Hill M | 8 | -- |
| 9/5/2015 | 1:47PM | 000-000-00 | Off-Peak | N&W,CallV | Washingto | Voice Mail | 1 | -- |
| 9/6/2015 | 6:17PM | 000-000-00 | Off-Peak | N&W,CallV | Washingto | Voice Mail | 3 | -- |
| 9/8/2015 | 1:03PM | 609-599-12 | Peak | PlanAllow | Arlington V | Trenton NJ | 4 | -- |
| 9/8/2015 | 1:07PM | 202-328-55 | Peak | PlanAllow | Arlington V | Washingto | 1 | -- |

| Date | Time | Number | Peak | Plan | From | To | Min | |
|---|---|---|---|---|---|---|---|---|
| 9/8/2015 | 1:08PM | 202-547-81 | Peak | PlanAllow | Arlington V | Washington | 2 | -- |
| 9/8/2015 | 1:09PM | 202-548-83 | Peak | PlanAllow | Arlington V | Wshngtnzn | 1 | -- |
| 9/8/2015 | 1:10PM | 202-548-83 | Peak | PlanAllow | Arlington V | Wshngtnzn | 2 | -- |
| 9/8/2015 | 1:12PM | 202-408-77 | Peak | PlanAllow | Arlington V | Washington | 3 | -- |
| 9/8/2015 | 1:15PM | 615-399-09 | Peak | PlanAllow | Arlington V | Nashville T | 3 | -- |
| 9/8/2015 | 1:18PM | 732-312-77 | Peak | M2MAllow | Arlington V | Belmar NJ | 3 | -- |
| 9/8/2015 | 1:20PM | 202-548-83 | Peak | PlanAllow | Arlington V | Wshngtnzn | 2 | -- |
| 9/8/2015 | 1:22PM | 609-599-12 | Peak | PlanAllow | Arlington V | Trenton NJ | 5 | -- |
| 9/8/2015 | 1:35PM | 732-312-77 | Peak | M2MAllow | Arlington V | Belmar NJ | 2 | -- |
| 9/8/2015 | 1:36PM | 732-690-91 | Peak | M2MAllow | Arlington V | Newbrnsw | 6 | -- |
| 9/9/2015 | 11:43AM | 202-407-77 | Peak | PlanAllow | Arlington V | Incoming C | 2 | -- |
| ######## | 6:30AM | 888-304-91 | Peak | PlanAllow | Riverdale N | Toll-Free Cl | 1 | -- |
| ######## | 6:30AM | 888-304-91 | Peak | PlanAllow | Riverdale N | Toll-Free Cl | 1 | -- |
| ######## | 6:38AM | 888-304-91 | Peak | PlanAllow | Berwyn He | Toll-Free Cl | 2 | -- |
| ######## | 1:22PM | 000-000-00 | Peak | PlanAllow,( | Washington | Voice Mail | 1 | -- |
| ######## | 7:03PM | 000-000-00 | Peak | PlanAllow | Arlington V | Voice Mail | 1 | -- |
| ######## | 4:41PM | 000-000-00 | Peak | PlanAllow | Arlington V | Voice Mail | 1 | -- |
| ######## | 4:51PM | 000-000-00 | Off-Peak | N&W,CallV | Washington | Voice Mail | 1 | -- |
| ######## | 6:40PM | 855-477-11 | Off-Peak | N&W | Arlington V | Toll-Free Cl | 3 | -- |
| ######## | 10:26AM | 000-000-00 | Peak | PlanAllow,( | Washington | Voice Mail | 1 | -- |
| ######## | 10:54AM | 301-405-35 | Peak | PlanAllow | Washington | Hyattsvl M | 4 | -- |
| ######## | 1:37PM | 732-519-31 | Peak | PlanAllow | Arlington V | Newbrnsw | 1 | -- |
| ######## | 1:38PM | 732-565-50 | Peak | PlanAllow | Arlington V | Newbrnsw | 1 | -- |
| ######## | 1:39PM | 732-519-38 | Peak | PlanAllow | Arlington V | Newbrnsw | 1 | -- |
| ######## | 1:40PM | 732-519-38 | Peak | PlanAllow | Arlington V | Newbrnsw | 4 | -- |
| ######## | 3:28PM | 000-000-00 | Peak | PlanAllow,( | Washington | Voice Mail | 1 | -- |
| ######## | 3:28PM | 732-519-38 | Peak | PlanAllow | Washington | Newbrnsw | 4 | -- |
| ######## | 3:32PM | 732-745-33 | Peak | PlanAllow | Washington | Newbrnsw | 5 | -- |
| ######## | 3:40PM | 732-445-46 | Peak | PlanAllow | Washington | Newbrnsw | 5 | -- |
| ######## | 4:35PM | 202-644-77 | Peak | PlanAllow | Washington | Washington | 5 | -- |
| ######## | 11:00AM | 800-762-22 | Peak | PlanAllow | Washington | Toll-Free Cl | 1 | -- |
| ######## | 2:20PM | 000-000-00 | Peak | PlanAllow,( | Arlington V | Voice Mail | 1 | -- |
| ######## | 9:14PM | 000-000-00 | Off-Peak | N&W,CallV | Arlington V | Voice Mail | 1 | -- |
| ######## | 9:45AM | 800-762-22 | Peak | PlanAllow | Arlington V | Toll-Free Cl | 1 | -- |
| ######## | 1:03PM | 000-000-00 | Peak | PlanAllow,( | Arlington V | Voice Mail | 2 | -- |
| ######## | 2:03PM | 202-828-96 | Peak | PlanAllow | Washington | Incoming C | 2 | -- |
| ######## | 2:46PM | 800-762-22 | Peak | PlanAllow | Washington | Toll-Free Cl | 1 | -- |
| ######## | 10:27AM | 000-000-00 | Peak | PlanAllow,( | Washington | Voice Mail | 1 | -- |
| ######## | 10:28AM | 800-762-22 | Peak | PlanAllow | Washington | Toll-Free Cl | 2 | -- |
| ######## | 10:30AM | 800-762-22 | Peak | PlanAllow | Washington | Toll-Free Cl | 13 | -- |
| ######## | 10:43AM | 888-304-91 | Peak | PlanAllow | Washington | Toll-Free Cl | 1 | -- |
| ######## | 10:44AM | 855-477-11 | Peak | PlanAllow | Washington | Toll-Free Cl | 2 | -- |
| ######## | 11:55AM | 000-000-00 | Peak | PlanAllow,( | Arlington V | Voice Mail | 1 | -- |
| ######## | 2:08PM | 202-877-97 | Peak | PlanAllow | Washington | Washington | 8 | -- |
| ######## | 3:11PM | 000-000-00 | Peak | PlanAllow,( | Washington | Voice Mail | 1 | -- |
| ######## | 3:18PM | Unavailabl | Peak | PlanAllow | Washington | Incoming C | 19 | -- |
| ######## | 3:57PM | 000-000-00 | Peak | PlanAllow,( | Washington | Voice Mail | 1 | -- |



**Wanda Wright <wwright803@gmail.com>**

## Contact Information

2 messages

**Wanda Wright** <wwright803@gmail.com>                    Tue, Sep 8, 2015 at 1:33 PM
To: David Pearlson <david.pearlson@apdfop.com>

Please provide me with the contact person and address I need for the Amtrak FOP NJ Lodge 189 so I can
have court papers served to this union. If you do not know please forward this information to your union
attorney. I need this information no later September 11, 2015. Thank you.

Wanda Wright

**Pearlson, David** <david.pearlson@apdfop.com>              Tue, Sep 8, 2015 at 1:50 PM
To: Wanda Wright <wwright803@gmail.com>

Wanda,

I was advised by our union secretary that you were provided with the correct information.

I am sorry to see that you are unpleased with the level of representation you were provided.

Going forward, you can direct any inquires through our union attorney:

Thomas Cushane ESQ
The Cushane Law Firm
1028 East Landis Ave
Vineland, NJ 08360

Thank you.

On Tuesday, September 8, 2015, Wanda Wright <wwright803@gmail.com> wrote:

> Please provide me with the contact person and address I need for the Amtrak FOP NJ Lodge 189 so I
> can have court papers served to this union. If you do not know please forward this information to your
> union attorney. I need this information no later September 11, 2015. Thank you.

> Wanda Wright

--

**David Pearlson | President**

**Amtrak Police FOP Lodge 189 Labor Committee**

E:  david.pearlson@apdfop.com | T:  (908) 507-6563

www.apdfop.com | facebook.com/apdfop | twitter.com/apdfop

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

WANDA J. WRIGHT,                                 )
                                                 )
    Plaintiff,                                   )
                                                 )      **Case No. 2015 CA 007215 B**
    v.                                           )      **Hon. John M. Mott**
                                                 )      **Initial Conference 01/08/15**
NATIONAL RAILROAD PASSENGER )
CORPORATION, ET AL.                              )
                                                 )
    Defendants.                                  )

### OPPOSITION TO PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT

COMES NOW, NATIONAL RAILROAD PASSENGER CORPORATION (hereinafter "Defendant" or "Amtrak"), by and through counsel, BONNER KIERNAN TREBACH & CROCIATA, LLP, and hereby submits its Opposition to Plaintiff's Motion for Clerk's Office to Enter Default. In support thereof, Defendant Amtrak states as follows:

1.    The subject complaint is filed against what Plaintiff identifies as her union, Amtrak Police Fraternal Order of Police New Jersey Lodge 189 ("Union") and Amtrak. Plaintiff alleges that her Union failed to file a grievance on her behalf. The allegations against Amtrak are unclear. One sentence in the complaint (paragraph #16) simply alleges that Amtrak "interfered with the Plaintiff's right to file grievances..." with her Union. There are no other facts set forth in the complaint alleging a cause of action against Amtrak.

2.    Plaintiff filed the instant suit on September 18, 2015. In the instant Motion, Plaintiff asks the Court for an entry of default against Defendant Amtrak for failure to file a responsive pleading.

3.    Rule 55(a) requires the Court to enter a default where a party "has failed to plead or otherwise defend as provided by these Rules." Super. Ct. Civ. R. 55(a). In the instant matter,

Plaintiff has not effected service of process, and Amtrak has not "failed to plead or otherwise defend . . . ." Therefore, Plaintiff's Motion should be denied.

4.     On October 14, 2015, the Clerk of the Court issued a "Final Notice of Acknowledgment" to Amtrak.  Defendant Amtrak received this Notice on October 22, 2015. (*See* Notice, attached hereto as Exhibit A.)

5.     The Notice states as follows: "If you do not complete and return the form to the sender within twenty (20) days after it has been mailed, you . . . may be required to pay any expenses incurred in serving a summons, complaint and initial order in any other manner permitted by law." (Ex. A); *see also* Super. Ct. Civ. R. 4(c)(4).

6.     The Notice further states: "If you do complete and return this form, you . . . must answer the complaint within twenty (20) days after you have signed, dated and returned the form.  If you fail to do so, judgment by default may be entered against you for the relief demanded in the complaint." (Ex. A).

7.     Defendant Amtrak thus has twenty days to respond to the complaint or otherwise plead *after* it completes and signs the Notice to acknowledge receipt of the Summons and Complaint.  Amtrak has not signed and returned the acknowledgment receipt of the Summons and Complaint.  Therefore, service of process has not yet been effected.

8.     It should also be noted that Plaintiff has presented no proof of service of process and has failed to file an affidavit of proof of service as required by Rule 4(l).  *See* Super. Ct. Civ. R. 4(l) ("If service is not acknowledged, the person effecting service shall make proof of service to the Court.  If service is made by a person other than a United States marshal or deputy United States marshal, the person shall make affidavit thereof.").

2

9.      Because Defendant Amtrak has not yet returned a signed acknowledgment, no responsive pleading is due at this time.  In fact, if Amtrak chooses not to return the signed acknowledgement, Plaintiff's recourse is to effect service by other means prescribed under the Rules and request that the Court order Defendant to pay for the alternative means of service of process. *See* Super. Ct. Civ. R. 4(c)(4) ("[T]he Court shall order the payment by the party served of the costs incurred in securing an alternative method of service authorized by this Rule if the person served does not complete and return, within 20 days after mailing, the Notice and Acknowledgment of receipt of the summons.").

10.     Nevertheless, Amtrak acknowledges receipt of the Summons and Complaint on October 22, 2015 pursuant to the Court's Notice and intends to file its responsive pleading within twenty days of that date— by November 11, 2015.

11.     Therefore, contrary to Plaintiff's assertions, Plaintiff has not effected service of process of the Summons and Complaint, and Defendant Amtrak has not failed to file a responsive pleading pursuant to the Rules.  Defendant Amtrak, acknowledging receipt of the Summons and Complaint on October 22nd, has until November 11, 2015 to file a responsive pleading.  As such, Plaintiff's Motion for Default must be denied.

WHEREFORE, Defendant Amtrak respectfully requests that this Court deny Plaintiff's Motion for Entry of Default.

DATED this 27th day of October, 2015.

3

Respectfully submitted,

NATIONAL RAILROAD PASSENGER CORPORATION

By Counsel

BONNER KIERNAN TREBACH & CROCIATA, LLP

_____

Joseph J. Bottiglieri, Esq. #418523
Felicity A. McGrath, Esq. #457511
Nadia A. Patel, Esq. #1019170
1233 20th Street, NW, Suite 800
Washington, DC 20036
(202) 712-7000
(202) 712-7100 (facsimile)
jbottiglieri@bonnerkiernan.com
fmcgrath@bonnerkiernan.com
npatel@bonnerkiernan.com
**Counsel for Defendant National Railroad**
**Passenger Corporation**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Defendant National Railroad

Passenger Corporation's Opposition to Plaintiff's Motion for Entry of Default was served via

first class mail, postage pre-paid, on October 27, 2015:

Wanda J. Wright
PO Box 7079
Washington, DC 20032

Amtrak Police Fraternal Order of Police
New Jersey Lodge 189
P.O. Box 143 JAF Station
New York, NY 10116

_____

Nadia A. Patel #1019170

4

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

WANDA J. WRIGHT,           )
                                      )
     Plaintiff,         )
                                     )     **Case No. 2015 CA 007215 B**
     v.                 )     **Hon. John M. Mott**
                                   )     **Initial Conference 01/08/15**
**NATIONAL RAILROAD PASSENGER** )
**CORPORATION, ET AL.**      )
                                     )
     Defendants.     )

### ORDER

UPON CONSIDERATION OF Plaintiff's Motion to Clerk to Enter Default, Defendant

Amtrak's Opposition thereto, and the entire record in this matter, it is on this _____ day of

_____, 2015, hereby

**ORDERED** that Plaintiff's Motion for Default is hereby **DENIED**.

**SO ORDERED.**

_____
Honorable John M. Mott
Superior Court of the District of Columbia

cc:

Joseph J. Bottiglieri, Esq. #418523
Felicity A. McGrath, Esq. #457511
Nadia A. Patel, Esq. #1019170
1233 20th Street, NW, Suite 800
Washington, DC 20036

Wanda J. Wright
PO Box 7079
Washington, DC 20032

Amtrak Police Fraternal Order of Police
New Jersey Lodge 189
P.O. Box 143 JAF Station
New York, NY 10116

Received

OCT 22 2015

Amtrak Claims Department
Corporate Headquarters   Form CA 1-A: Notice and Acknowledge for Service by Mail
Washington, DC



## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

Wanda J. Wright
_____   *Plaintiff(s)*

v,                                                        Case No: 2015 CA 7215 B

National Railroad Passenger Corporation et al.
_____   *Defendant(s)*

### NOTICE

To (insert name and address of the party to be served):
Amtrak Police FOP NJ Lodge 189
P.O. Box 143 JAF Station
New York, NY 10113

The enclosed summons, complaint and initial order are served pursuant to Rule 4(c)(4) of the Superior Court Rules of Civil Procedure.

You must sign and date the Acknowledgement (below). If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate next to your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate next to your signature your authority.

If you do not complete and return the form to the sender within twenty (20) days after it has been mailed, you (or the other party on whose behalf you are being served) may be required to pay any expenses incurred in serving a summons, complaint and initial order in any other manner permitted by law.

If you do complete and return this form, you (or the other party on whose behalf you are being served) must answer the complaint within twenty (20) days after you have signed, dated and returned the form. If you fail to do so, judgment by default may be entered against you for the relief demanded in the complaint.

This Notice and Acknowledgment of Receipt of Summons, Complaint and Initial Order was mailed on (insert date): 09/22/2015

Signature _____                  9/22/15
                                                                  *Date of Signature*

### ACKNOWLEDGMENT OF RECEIPT OF SUMMONS, COMPLAINT, AND INITIAL ORDER

I (print name) _____ received a copy of the summons, complaint and initial order in the above captioned matter at (insert address): _____

_____            _____   _____
*Signature*                                      *Relationship to Defendant/Authority*   *Date of Signature*
                                                   *to Receive Service*

Para pedir una traducción, llame al (202) 879-4828        如果翻译,请打电话 (202) 879-4828        Veuillez appeler au (2..
Để có một bài dịch, hãy gọi (202) 879-4828                                 (202) 879-4828            번역을 원하시면, (2

**EXHIBIT**

A

**DISTRICT OF COLUMBIA: SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**

WANDA J. WRIGHT,
PO Box 7079, Washington, DC, 20032

        Plaintiff,

v.

NATIONAL RAILROAD PASSENGER
CORPORATION, d/b/a AMTRAK
60 Massachusetts Avenue NE,
Washington, DC 20002

        Defendant I,

AMTRAK POLICE FRATERNAL ORDER OF POLICE
NEW JERSEY LODGE 189
P.O. Box 143 JAF Station
New York, NY 10116

        Defendant II.

**15 - 0 0 7 2 1 5**

Civil Action No. _____

```
┌──────────────────────────────┐
│          FILED               │
│   CIVIL ACTIONS BRANCH       │
│      SEP 1 8 2015            │
│      Superior Court          │
│  of the District of Columbia │
│       Washington, DC.        │
└──────────────────────────────┘
```

## <u>COMPLAINT</u>

    The Plaintiff, Wanda J. Wright, pro se, respectfully moves this Honorable Court for entry

of judgment against the Defendants for the reasons and in the amounts more particularly set forth

as follows:

    1.  The Plaintiff was a resident of the District of Columbia and worked for Defendant I in

the District of Columbia beginning August 14, 2008.

    2.  Defendant I, National Railroad Passenger Corporation, d/b/a Amtrak, (hereinafter

"Amtrak") is a corporation organized and existing under the laws of the District of Columbia and

conducts its business in Washington Union Station located in the Districted of Columbia.

    3.  Defendant II, Amtrak Police Department (APD) Fraternal Order of Police (FOP)

New Jersey Lodge 189 is a collective bargaining union which is organized as a representative for

police officers who work for Defendant I.



1

4. The Plaintiff was a member of APD FOP NJ Lodge 189 and paid all union dues in good faith through required direct deposit.

5. Membership with the APD FOP NJ Lodge 189 is a condition of employment for all police officers with the Amtrak Police Department (APD).

6. The Plaintiff was required to pay Defendant II an initial fee of 5 HUNDRED DOLLARS ($500), and 65 DOLLARS ($65) each month afterwards. Failure to pay union dues results in termination of employment with Defendant I.

7. The court has subject matter jurisdiction over the controversy and venue is proper in this Court.

8. The cause of action arises under The Labor Management Relations Act (LMRA) §301 (29 U.S.C. § 185).

## COUNT I

9. On December 5, 2013, Defendant I forced the Plaintiff out of work and placed her on Injury on Duty status (IOD).

10. Defendant II refused to file a grievance on the Plaintiff's behalf by January 5, 2014 after Defendant I forced the Plaintiff out of work in December 2013.

11. On September 24, 2014, Defendant I denied the Plaintiff's request for reasonable accommodations under the Americans with Disabilities Act (ADA).

12. Defendant II refused to file a grievance on the Plaintiff's behalf by October 24, 2014 after Defendant I denied the Plaintiff's ADA request.

13. On October 16, 2014, Defendant I fired the Plaintiff when it wrongfully medically disqualified the Plaintiff from her job as an Amtrak police officer.

14. Defendant II refused to file a grievance on the Plaintiff's behalf by November 16, 2014

2

after Defendant I medically disqualified the Plaintiff from her job.

## COUNT II

15. Defendant II notified the Plaintiff on April 24, 2015 of its intent abandon Plaintiff's issue.

16. Defendant I interfered with the Plaintiff's right to file grievances with Defendant II.

17. Defendant II breached its duty to fairly represent the Plaintiff's interest under the collective bargaining agreement, which aided Defendant I in firing the Plaintiff without just cause.

## PRAYER FOR RELIEF

18. Defendants I & II failed to comply with the provisions and requirements of the Labor Management Relations Act (LMRA) §301 (29 U.S.C. § 185).

19. Plaintiff's suffering was caused in whole or in part by the negligence of Defendants I & II.

20. As a result of the negligence of Defendants I & II, the Plaintiff has suffered mental anguish, has lost time and earnings from her employment, lost her job, place of residence, remains unemployed, and is unable to obtain housing and employment as a result of her status.

WHEREFORE, the Plaintiff, Wanda Wright, pro se, demands a trial by jury and respectfully moves this court for an award of damages against the defendants in the amount of 5 HUNDRED THOUSAND DOLLARS ($500,000), plus all costs allowed by law to be charged against the defendants and for such other relief as deemed appropriate and permitted by law.

Respectfully submitted,

WANDA J. WRIGHT
Pro se

3

Wanda J. Wright
P.O. Box 7079
Washington, DC 20032
(202) 294-9753

4

Submitted on September 18, 2015

Wanda J. Wright
P.O. Box 7079
Washington DC 20032
(202) 294-9753

Plaintiff, Pro se

Pursuant to 49 U.S.C. 49 U.S.C. § 24301(b)

**Defendant I**

Eleanor D. Acheson
Chief Legal Officer, General Counsel & Corporate Secretary
National Railroad Passenger Corporation
60 Massachusetts Avenue, NE
Washington DC 20002
(202) 906-3000

Counsel for National Railroad Passenger Corporation

**Defendant II**

Amtrak Fraternal Order of Police Lodge 189 Labor Committee
Secretary Anthony Knox
P.O. Box 143 JAF Station
New York, NY 10116

Contact Information for Service confirmed by Anthony Knox

Thomas Cushane
1028 East Landis Avenue
Vinland, New Jersey 08360
Counsel for Amtrak Police Lodge 189 Union

Contact Information for Union Counsel confirmed by APD Union President David Pearlson

5



Superior Court of the District of Columbia
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

Wanda J. Wright
_____
Plaintiff

15 - 0 0 7 2 1 5

vs.

Case Number _____

Amtrak Police FOP NT Lodge 189
_____
Defendant

### SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Pro Se Wanda J. Wright
_____
Name of Plaintiff's Attorney

PO Box 7079
_____
Address

Washington DC 20032
_____

(202) 294-9753
_____
Telephone

By _____

Date _____

如需翻譯,請打電話 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시요    ？？？ ？？？？ ？？？？？ (202) 879-4828 ？？？？    (202) 879-4828

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-682-2700) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

FORM SUMMONS - Jan. 2011

CASUM.doc



**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
**DIVISIÓN CIVIL**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Teléfono: (202) 879-1133

_____
                            Demandante

contra

                            Número de Caso: _____

_____
                            Demandado

## CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veinte (20) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que Usted le entregue al demandante una copia de la Contestación o en el plazo de cinco (5) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

                                    *SECRETARIO DEL TRIBUNAL*

_____
Nombre del abogado del Demandante

_____          Por: _____
Dirección                                                        Subsecretario

_____          Fecha _____
Teléfono

如需翻译,请打电话 (202) 879-4828     Veuillez appeler au (202) 879-4828 pour une traduction     Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화주십시요     ፕላ°ግርኖ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO, O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍAN RETENERLE SUS INGRESOS, O PODRÍAN TOMAR SUS BIENES PERSONALES O RAÍCES Y VENDERLOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, _NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO._

Si desea conversar con un abogado y le parece que no puede afrontar el costo de uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-682-2700) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse de otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

                                                                    CASUM.doc



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

Wanda J. Wright
_____
Plaintiff

15 - 007215

vs.                                    Case Number _____

National Railroad Passenger Corporation
d/b/a Amtrak
_____
Defendant

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Pro Se. Wanda J. Wright
_____
Name of Plaintiff's Attorney

PO Box 7079
_____
Address

Washington, DC 20032
_____

(202) 294-9753
_____
Telephone

By _____
Deputy Clerk

Date 09/18/2015

如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    번역을 원하시면, (202) 879-4828 로 전화주십시오    ካ ትርጉም ከፈለጉ (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-682-2700) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

FORM SUMMONS - Jan. 2011                                         CASUM.doc



**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
DIVISIÓN CIVIL
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Teléfono: (202) 879-1133

_____
Demandante

contra

Número de Caso: _____

_____
Demandado

### CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veinte (20) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que Usted le entregue al demandante una copia de la Contestación o en el plazo de cinco (5) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

_____
Nombre del abogado del Demandante

_____
Dirección

_____

Teléfono

*SECRETARIO DEL TRIBUNAL*

Por: _____
Subsecretario

Fecha _____

如需翻譯,請打电话 (202) 879-4828　　Veuillez appeler au (202) 879-4828 pour une traduction　　Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화주십시요　　ኢትዮጵያ ተርጓሚ ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO, O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍAN RETENERLE SUS INGRESOS, O PODRÍAN TOMAR SUS BIENES PERSONALES O RAÍCES Y VENDERLOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO*.

Si desea conversar con un abogado y le parece que no puede afrontar el costo de uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-682-2700) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse de otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CASUM.doc

# Superior Court of the District of Columbia

CIVIL DIVISION- CIVIL ACTIONS BRANCH

INFORMATION SHEET

Wanda J. Wright

Case Number: **15 - 0 0 7 2 1 5**

vs

Date: September 18, 2015

Natl. RR Passenger Corp. (Amtrak) & AMTRAK FOP NJ LODGE 189

☐ One of the defendants is being sued in their official capacity.

| Name: *(Please Print)*   Wanda J. Wright | Relationship to Lawsuit |
|---|---|
| Firm Name: | ☐ Attorney for Plaintiff |
| | ☒ Self (Pro Se) |
| Telephone No.:         Six digit Unified Bar No.:   (202) 294-9753 | ☐ Other: |

TYPE OF CASE: ☒ Non-Jury      ☐ 6 Person Jury      ☐ 12 Person Jury
Demand: $ __500,000__          Other: 1 Non Injury

PENDING CASE(S) RELATED TO THE ACTION BEING FILED

Case No.: _____ Judge: _____ Calendar #: _____

Case No.: _____ Judge: _____ Calendar#: _____

---

NATURE OF SUIT:      *(Check One Box Only)*

**A. CONTRACTS**

| | | COLLECTION CASES |
|---|---|---|
| ☐ 01 Breach of Contract | ☐ 07 Personal Property | ☐ 14 Under $25,000 Pltf. Grants Consent |
| ☐ 02 Breach of Warranty | ☐ 09 Real Property-Real Estate | ☐ 16 Under $25,000 Consent Denied |
| ☐ 06 Negotiable Instrument | ☐ 12 Specific Performance | ☐ 17 OVER $25,000 Pltf. Grants Consent |
| ☐ 15 Special Education Fees | ☐ 13 Employment Discrimination | ☐ 18 OVER $25,000 Consent Denied |
| ☐ 10 Mortgage Foreclosure/Judicial Sale | | |

**B. PROPERTY TORTS**

| | | |
|---|---|---|
| ☐ 01 Automobile | ☐ 03 Destruction of Private Property | ☐ 05 Trespass |
| ☐ 02 Conversion | ☐ 04 Property Damage | ☐ 06 Traffic Adjudication |
| ☐ 07 Shoplifting, D.C. Code § 27-102 (a) | | |

**C. PERSONAL TORTS**

| | | |
|---|---|---|
| ☐ 01 Abuse of Process | ☐ 09 Harassment | ☒ 17 Personal Injury- (Not Automobile, Not Malpractice) |
| ☐ 02 Alienation of Affection | ☐ 10 Invasion of Privacy | ☐ 18 Wrongful Death (Not Malpractice) |
| ☐ 03 Assault and Battery | ☐ 11 Libel and Slander | ☐ 19 Wrongful Eviction |
| ☐ 04 Automobile- Personal Injury | ☐ 12 Malicious Interference | ☐ 20 Friendly Suit |
| ☐ 05 Deceit (Misrepresentation) | ☐ 13 Malicious Prosecution | ☐ 21 Asbestos |
| ☐ 06 False Accusation | ☐ 14 Malpractice Legal | ☐ 22 Toxic/Mass Torts |
| ☐ 07 False Arrest | ☐ 15 Malpractice Medical (Including Wrongful Death) | ☐ 23 Tobacco |
| ☐ 08 Fraud | ☐ 16 Negligence- (Not Automobile, Not Malpractice) | ☐ 24 Lead Paint |

SEE REVERSE SIDE AND CHECK HERE ☐ IF USED

CV-496/Oct 14

# Information Sheet, Continued

**C. OTHERS**

- ☐ 01 Accounting
- ☐ 02 Att. Before Judgment
- ☐ 04 Condemnation (Emin. Domain)
- ☐ 05 Ejectment
- ☐ 07 Insurance/Subrogation
   Under $25,000 Pltf.
   Grants Consent
- ☐ 08 Quiet Title
- ☐ 09 Special Writ/Warrants
   (DC Code § 11-941)

- ☐ 10 T.R.O./ Injunction
- ☐ 11 Writ of Replevin
- ☐ 12 Enforce Mechanics Lien
- ☐ 16 Declaratory Judgment
- ☐ 17 Merit Personnel Act (OEA)
   (D.C. Code Title 1, Chapter 6)
- ☐ 18 Product Liability
- ☐ 24 Application to Confirm, Modify,
   Vacate Arbitration Award
   (DC Code § 16-4401)

- ☐ 25 Liens: Tax/Water Consent Granted
- ☐ 26 Insurance/ Subrogation
   Under $25,000 Consent Denied
- ☐ 27 Insurance/ Subrogation
   Over $25,000 Pltf. Grants Consent
- ☐ 28 Motion to Confirm Arbitration
   Award (Collection Cases Only)
- ☐ 29 Merit Personnel Act (OHR)
- ☐ 30 Liens: Tax/ Water Consent Denied
- ☐ 31 Housing Code Regulations
- ☐ 32 Qui Tam
- ☐ 33 Whistleblower
- ☐ 34 Insurance/Subrogation
   Over $25,000 Consent Denied

**II.**

- ☐ 03 Change of Name
- ☐ 06 Foreign Judgment
- ☐ 13 Correction of Birth Certificate
- ☐ 14 Correction of Marriage
   Certificate

- ☐ 15 Libel of Information
- ☐ 19 Enter Administrative Order as
   Judgment [ D.C. Code §
   2-1802.03 (h) or 32-1519 (a)]
- ☐ 20 Master Meter (D.C. Code §
   42-3301, et seq.)

- ☐ 21 Petition for Subpoena
   [Rule 28-1 (b)]
- ☐ 22 Release Mechanics Lien
- ☐ 23 Rule 27(a) (1)
   (Perpetuate Testimony)
- ☐ 24 Petition for Structured Settlement
- ☐ 25 Petition for Liquidation

Pro se _____
Attorney's Signature

<u>September 18, 2015</u>
Date

CV-496/Oct 14



**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

WANDA J. WRIGHT
 Vs.          C.A. No.  2015 CA 007215 B
NATIONAL RAILROAD PASSENGER CORPORATION et al

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

               Chief Judge Lee F. Satterfield

Case Assigned to: Judge JOHN M MOTT
Date:  September 18, 2015
Initial Conference: 10:00 am, Friday, January 08, 2016
Location:  Courtroom 517
     500 Indiana Avenue N.W.
     WASHINGTON, DC  20001        Caio.doc

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Lee F. Satterfield

Caio.doc

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

| | | |
|---|---|---|
| WANDA J. WRIGHT, | * | |
| | * | |
| Plaintiff, | * | Civil Case No. 2015 CA 007215 B |
| | * | Calendar II |
| v. | * | Judge John M. Mott |
| | * | |
| NATIONAL RAILROAD PASSENGER | * | |
| CORPORATION, *et al.*, | * | |
| | * | |
| Defendants. | * | |

## ORDER

This matter comes before this court on plaintiff Wanda Wright's Motion for Clerk's Office to Enter Default and defendant National Railroad Passenger Corporation's ("AMTRAK's") opposition. Super. Ct. Civ. R. 55 (a) authorizes the court or the Civil Clerk's Office to enter an order of default against a party who fails to plead or otherwise defend as provided by the Superior Court Rules of Civil Procedure. A defendant is not required to file an answer until twenty days after being served with the summons and complaint. Super. Ct. Civ. R. 12 (a). Here, AMTRAK has not acknowledged service, and plaintiff has not filed proof of service as required under Super. Ct. Civ. R. 4 (l). Consequently, the court finds that the instant motion is premature.

Therefore, it is this **3rd** day of **November, 2015**, hereby

**ORDERED** that the instant motion is **DENIED WITHOUT PREJUDICE**.


The Honorable John M. Mott
Associate Judge
(Signed in Chambers)

**COPIES TO:**

Wanda J. Wright
P.O. Box 7079
Washington, D.C. 20032
*By First-Class Mail*

Nadia Patel, Esquire
*Via CaseFileXpress*

Filed
D.C. Superior Court
11/04/2015 16:17PM
Clerk of the Court

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

WANDA J. WRIGHT            :
                             :

         Plaintiff,        :
                             :

     v.                        :      Case No.:  2015 CA 007215 B
                             :      Judge John M. Mott

NATIONAL RAILROAD       :      Next Event:  Initial Conference
PASSENGER CORPORATION,    :      January 8, 2016
                             :

     and                      :
                             :

AMTRAK POLICE LODGE 189    :
LABOR COMMITEE, Inc.,[1]      :
                             :

         Defendants.      :

**DEFENDANT AMTRAK POLICE LODGE 189 LABOR COMMITTEE'S OPPOSITION**
**TO PLAINTIFF'S MOTION FOR CLERK'S OFFICE TO ENTER DEFAULT**

        Defendant Amtrak Police Lodge 189 Labor Committee, Inc. (hereinafter "FOP"), through

counsel HANNON LAW GROUP, LLP, respectfully submits this Opposition to Plaintiff's

Motion for Clerk's Office to Enter Default.  As explained below, the Court should deny the

motion because Plaintiff did not serve the FOP with a copy of the compliant pursuant to Rule 4

of the Superior Court Rules of Civil Procedure.

**ARGUMENT**

        A corporation may be served by delivering a copy of the complaint and summons to a

person authorized to accept service, or pursuant to the law in the state where service was

effected.  D.C. SUPER. CT. CIV. R. 4(h).  Alternatively, a plaintiff may mail the documents with a

form inviting the defendant to acknowledge service, which, if signed and returned, constitutes

effective service.  D.C. SUPER. CT. CIV. R. 4(c)(4).  A defendant must then file an answer "within

---

[1]      The Complaint improperly identifies the defendant as "Amtrak Police Fraternal Order of Police New Jersey
Lodge 189."  The proper name of the defendant is Amtrak Police Lodge 189 Labor Committee, Inc.

20 days after being served," and if it fails to do so, the Court may enter default. D.C. SUPER. CT. CIV. R. 12(a)(1), 55(a).

Ms. Wright filed her complaint against the FOP on September 18, 2015. In her motion for default, she asserts that service was made that same day, but offers no affidavit of other evidence of service. *See* D.C. SUPER. CT. CIV. R. 4(l) ("If service is not acknowledged, the person effecting service shall make proof of service to the Court. If service is made by a person other than a United States marshal or deputy United States marshal, the person shall make affidavit thereof."). In fact, Ms. Wright does not even specify the method of service she claims to have used. Nevertheless, on or about October 22, 2015, the FOP received a copy of the summons and complaint, together with a Notice and Acknowledgment for Service by Mail, at its post office box at Penn Station in New York City. (Copy of Summons, Complaint, Initial Order, and Form CA 1-A, attached as Exhibit 1; Envelope, attached as Exhibit 2.) The envelope indicates that it was sent by First-Class mail and was postmarked September 25, 2015. (Ex. 2.) The FOP never returned the acknowledgment form.

Because the FOP never acknowledged service and Ms. Wright did not offer any evidence that service was otherwise effected under Rule 4(h), the FOP's answer is not yet due and default cannot be entered. Nevertheless, by filing this motion, the FOP acknowledges receipt of the summons and complaint and will respond within 20 days after the date of this filing, as required by Rule 12(a).

## CONCLUSION

For the forgoing reasons, Defendant Amtrak Police Lodge 189 Labor Committee

respectfully requests that this Court deny Plaintiff's Motion for Clerk's Office to Enter Default.

Dated:  November 4, 2015                    Respectfully submitted,

                                            HANNON LAW GROUP, LLP

                                            _____/s/ Daniel S. Crowley_____
                                            J. Michael Hannon, #352526
                                            Daniel S. Crowley, #989874
                                            333 8th Street N.E.
                                            Washington, D.C.  20002
                                            (202) 232-1907
                                            (202) 232-3704 Facsimile
                                            jhannon@hannonlawgroup.com
                                            dcrowley@hannonlawgroup.com

                                            *Attorneys for Defendant Amtrak Police
                                            Lodge 189 Labor Committee, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Opposition to Plaintiff's Motion for Clerk's Office to Enter Default was sent via first-class mail, postage prepaid, on November 3, 2015, to:

Wanda J. Wright
PO Box 7079
Washington, D.C.  20032

and by the Court's electronic filing system to

Joseph J. Bottiglieri
Felicity A. McGrath
Nadia A. Patel
BONNER KIERNAN TREBACH & CROCIATA, LLP
1233 20th Street, N.W., Suite 800
Washington, D.C. 20036

                                        */s/ Daniel S. Crowley*
                                        Daniel S. Crowley

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### CIVIL DIVISION

WANDA J. WRIGHT,    )
          )
  Plaintiff,     )
          )  **Case No. 2015 CA 007215 B**
  v.        )  **Hon. John M. Mott**
          )  **Initial Conference 01/08/15**
NATIONAL RAILROAD PASSENGER )
CORPORATION, ET AL.   )
          )
  Defendants.    )

### DEFENDANT NATIONAL RAILROAD PASSENGER CORPORATION'S
### MOTION TO DISMISS PLAINTIFF'S COMPLAINT

COMES NOW, NATIONAL RAILROAD PASSENGER CORPORATION (hereinafter "Defendant" or "Amtrak"), by and through counsel, BONNER KIERNAN TREBACH & CROCIATA, LLP, and hereby moves this Court to dismiss Plaintiff's Complaint pursuant to SCR-12(b)(1) for lack of subject matter jurisdiction and pursuant to SCR-12(b)(6) for failure to state a claim against Defendant Amtrak upon which relief can be granted.  In support of this Motion to Dismiss, Defendant Amtrak respectfully refers the Court to the Memorandum of Points and Authorities attached hereto and incorporated herein by reference.

WHEREFORE, Defendant Amtrak respectfully requests that its Motion to Dismiss be granted, and that the Court dismiss Plaintiff's Complaint as to Defendant Amtrak.

DATED this 11th day of November, 2015.

1

Respectfully submitted,

NATIONAL RAILROAD PASSENGER CORPORATION

By Counsel

BONNER KIERNAN TREBACH & CROCIATA, LLP

Joseph J. Bottiglieri, Esq. #418523
Felicity A. McGrath, Esq. #457511
Nadia A. Patel, Esq. #1019170
1233 20th Street, NW, Suite 800
Washington, DC 20036
(202) 712-7000
(202) 712-7100 (facsimile)
jbottiglieri@bonnerkiernan.com
fmcgrath@bonnerkiernan.com
npatel@bonnerkiernan.com
*Counsel for Defendant*

## RULE 12-1 CERTIFICATION

Defendant Amtrak sought Plaintiff's consent to the relief requested herein on October 26, 2015. Plaintiff did not consent.

Nadia A. Patel, Esq. #1019170

2

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Motion to Dismiss Plaintiff's

Complaint was served via first class mail, postage pre-paid, on November 11, 2015:

    Wanda J. Wright
    PO Box 7079
    Washington, DC 20032

    Amtrak Police Fraternal Order of Police
    New Jersey Lodge 189
    P.O. Box 143 JAF Station
    New York, NY 10116

_____
Nadia A. Patel, Esq. #1019170

3

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

WANDA J. WRIGHT,                          )
                                          )
        Plaintiff,                        )
                                          )       Case No. 2015 CA 006775 B
        v.                                )       Hon. John M. Mott
                                          )       Initial Conference 01/08/15
NATIONAL RAILROAD PASSENGER   )
CORPORATION, ET AL.                       )
                                          )
        Defendants.                       )

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT NATIONAL RAILROAD PASSENGER CORPORATION'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

COMES NOW, NATIONAL RAILROAD PASSENGER CORPORATION (hereinafter "Defendant" or "Amtrak"), by and through counsel, BONNER KIERNAN TREBACH & CROCIATA, LLP, pursuant to SCR-12(b)(1) and (6), and hereby moves this Court to dismiss Plaintiff's Complaint. In support of the relief requested, Defendant states as follows:

## I.      BACKGROUND

This matter arises from allegations that Plaintiff suffered a work-related injury. Plaintiff's Complaint alleges that Defendant Amtrak Police Fraternal Order of Police New Jersey Lodge 189 (hereinafter, "Defendant FOP") violated Section 301 of the Labor Management Relations Act (29 U.S.C. § 185) in refusing to file a grievance on behalf of Plaintiff for the following: (1) Amtrak's placement of Plaintiff on Injury on Duty Status on December 5, 2013 (Compl. ¶ 9); (2) Amtrak's denial of Plaintiff's requests for accommodations (Compl. ¶ 11); and (3) Amtrak's termination of Plaintiff on October 16, 2014 (Compl. ¶ 13).

## II.     LEGAL STANDARD

### A.     <u>Super Ct. Civ. R. 12(b)(1)</u>

Super. Ct. Civ. R. 12 (b)(1) provides that this Court may dismiss a matter for lack of

subject matter jurisdiction. "Subject matter jurisdiction concerns the court's authority to

adjudicate the type of controversy presented by the case under consideration." *In re J.W.*, 837

A.2d 40, 44 (D.C. 2003) (quoting *In re R.L.*, 590 A.2d 123, 128 (D.C. 1991) (citing 1

RESTATEMENT (SECOND) OF JUDGMENTS § 11 (1982)). In determining whether it has

subject matter jurisdiction, the Court may consider facts outside the pleading without converting

the motion into one for summary judgment. *Pardue v. Ctr. City Consortium Schs. of the

Archdiocese of Wash., Inc.*, 875 A.2d 669, 674-75 (D.C. 2005). Moreover, unlike a motion to

dismiss based on other grounds, the facts are not construed in favor of the plaintiff. *Id.* The

plaintiff bears the burden of proof with respect to jurisdictional facts. *Id.*

### B.     <u>Super Ct. Civ. R. 12(b)(6)</u>

A complaint should be dismissed pursuant to Super. Ct. Civ. R. 12(b)(6) if it does not

satisfy the requirement of Super. Ct. Civ. R. 8(a) that a pleading contain a "short and plain

statement of the claim showing the pleader is entitled to relief:

> [T]he pleading standard Rule 8 announces does not require "detailed factual
> allegations," but it demands more than an unadorned, the-defendant-unlawfully-
> harmed-me accusation... To survive a motion to dismiss, a complaint must contain
> sufficient factual matter, accepted as true, to "state a claim to relief that is
> plausible on its face." ... A claim has facial plausibility when the plaintiff pleads
> factual content that allows the court to draw the reasonable inference that the
> defendant is liable for the misconduct alleged. The plausibility standard is not
> akin to a "probability requirement," but it asks for more than a sheer possibility
> that a defendant has acted unlawfully. ... Where a complaint pleads facts that are
> "merely consistent with" a defendant's liability, it "stops short of the line between
> possibility and plausibility of 'entitlement to relief.'"

2

*Potomac Dev. Corp. v. D.C.*, 28 A. 3d 531, 544 (D.C. 2011), *citing Ashcroft v. Iqbal*, 554 U.S.

662 (2009), *Twombly*, 127 S. Ct. 1955.  The standard for evaluating Rule 12(b)(6) motions

follows these principles:

> [A] court considering a motion to dismiss can choose to begin by identifying
> pleadings that, because they are no more than conclusions, are not entitled to the
> assumption of truth. While legal conclusions can provide the framework of a
> complaint, they must be supported by factual allegations. When there are well-
> pleaded factual allegations, a court should assume their veracity and then
> determine whether they plausibly give rise to an entitlement to relief.

*Potomac Dev. Corp. v. D.C.*, 28 A. 3d at 544, *quoting Iqbal*, 129 S. Ct. at 1950.  While a court

must accept the well-pleaded facts in the complaint and view them in a light most favorable to

the plaintiff, *Jordan Keys & Jessamy, LLP v. St. Paul Fire & Marine Ins. Co.*, 870 A.2d 58, 62

(D.C. 2005), dismissal "is appropriate where the complaint fails to allege the elements of a

legally viable claim." *Chamberlain v. American Honda Finance Corp.*, 931 A.2d 1018, 1023

(D.C. 2007) (citation omitted).  A Court is "not bound to accept as true a legal conclusion

couched as a factual allegation." *Grayson v. AT&T Corp.*, 980 A.2d 1137, 1147 (D.C. 2009).

For the reasons set forth herein, Defendant Amtrak respectfully submits that this Court

lacks subject matter jurisdiction over Plaintiff's claims and that Plaintiff has failed to properly or

sufficiently plead her claim against it, and accordingly, the Complaint should be dismissed.

## III.   ARGUMENT

### A.   <u>This Court Lacks Subject Matter Jurisdiction to Adjudicate Plaintiff's Grievance Against Amtrak.</u>

#### 1.   Plaintiff's Claim is Preempted by the Railway Labor Act.

Plaintiff alleges that Defendant Amtrak failed to comply with the provisions and

requirements of Section 301 of the Labor Management Relations Act ("LMRA") (29 U.S.C. §

185).  Section 301 of the LMRA permits "[s]uits for violation of contracts between an employer

and a labor organization representing employees in an industry affecting commerce. . . or

between any such labor organizations. . . ." 29 U.S.C. § 185(a). Because Plaintiff was a railway

employee, however, her claim is not properly brought under the LMRA.

Employer-employee relations in the railroad industry are governed by the Railway Labor

Act ("RLA"). The RLA was enacted by Congress out of concern that labor disputes would lead

to strikes bringing the railroads to a halt. *Union Pac. R.R. v. Bhd. of Locomotive Eng'rs &*

*Trainmen Gen. Comm. of Adjustment*, 558 U.S. 67, 73 (U.S. 2009). The purpose of the RLA is

to promote stability in labor-management relations by "providing a comprehensive framework

for the resolution of labor disputes in the railroad industry." *Atchison, Topeka & Santa Fe Ry.*

*Co. v. Buell*, 480 U.S. 557, 562 (1987). Congress distinguished two classes of controversies in

the RLA: "major" disputes, or disagreements which arise during the formation of a collective

bargaining agreement, *Elgin, J. & E.R. Co. v. Burley*, 325 U.S. 711, 722-24 (1945), and "minor"

disputes, which are "disputes growing out of grievances or out of the interpretation or

application" of collective bargaining agreements. 45 U.S.C. § 153 Second.

Plaintiff alleges that Amtrak interfered with her right to file a grievance as set forth in the

collective bargaining agreement. (Compl. ¶ 16.) Plaintiff's claim is governed by provisions of

the collective bargaining agreement and the rights and duties defined therein. As such,

Plaintiff's claim is a minor dispute and must be resolved pursuant the Railway Labor Act. *See*

*Hawaiian Airlines*, 512 U.S. 246, 256 (1994) (determining that minor disputes "are those that

involve duties and rights created or defined by the collective bargaining agreement");

*Brotherhood of R.R. Trainmen v. Chicago River & Indiana R.R. Co.*, 353 U.S. 30, 33 (1957)

(explaining that minor disputes are "controversies over the meaning of an existing collective

bargaining agreement in a particular set of circumstances, usually involving only one

4

employee"); *Abdul-Qawy v. Amtrak*, 2005 U.S. Dist. LEXIS 44397, *7 (D.D.C. October 25, 2005) (concluding that plaintiff's claim was preempted by the Railway Labor Act where plaintiff "allege[d] that Amtrak interfered with his rights under the [collective bargaining agreement] by failing to provide him with certain procedural rights required under [the rules of that agreement]"). The LMRA has no application to the instant suit.

### 2. Plaintiff Failed to Exhaust Her Remedies Pursuant to the Collective Bargaining Agreement.

The RLA imposes a duty on employers and employees to "make and maintain agreements" and to "settle all disputes . . . in order to avoid any interruption to commerce." *Conrail v. Railway Labor Executives' Ass'n*, 491 U.S. 299, 310 (1989) (internal citations omitted). Given that the purpose of the RLA was to set forth a framework for adjudicating railway labor disputes, the RLA provides for two steps in the resolution of minor disputes: settlement and voluntary arbitration. The grievance procedures specified in the collective bargaining agreement provide the format for settlement. Employees and carriers must exhaust grievance procedures before resorting to arbitration. *Union Pac. R.R.*, 558 U.S. at 72; *see* 45 U.S.C. § 153 First(i) ("[D]isputes between an employee . . . and a carrier . . . growing out of grievances or out of the interpretation or application of agreements . . . shall be handled in the usual manner up to and including the chief operating officer of the carrier designated to handle such disputes."). "[W]hen the [collective bargaining agreement]'s grievance procedure has not been followed, resort to [arbitration] would be objectionable as premature." *Union Pac. R.R.*, 558 U.S. at 82.

If the grievance procedures are unsuccessful, whether due to the union's breach of its duty of fair representation or some other reason, either the carrier or the employee may refer the

matter to the National Railway Adjudication Board ("NRAB"). 45 U.S.C. 153(i) ("[B]ut, failing to reach an adjustment [through grievance proceedings], the disputes may be referred by petition of the parties or by either party to the appropriate division of the Adjustment Board with a full statement of the facts and all supporting data bearing upon the disputes."). Congress established the NRAB with the specific purpose of arbitrating minor disputes. *See Union Pac. R.R.*, 325 U.S. at 72.

Although Plaintiff alleges that she sought resolution through grievance procedures, Plaintiff has not petitioned the NRAB to review her claim. NRAB proceedings are initiated when a party files a notice of intent with the NRAB. *Id.* at 73. The NRAB notifies the respondent of the notice of intent and allows both parties 75 days to file simultaneous submissions setting forth relevant facts and their positions. *See id.* There is no indication in Plaintiff's complaint or otherwise that she filed a notice of intent. Nor has Defendant Amtrak received any notice of a petition involving Plaintiff's claims. Accordingly, Plaintiff has not exhausted her remedies under the RLA, and her claims must be dismissed.

### 3.   This Court Does Not Have Jurisdiction over Plaintiff's RLA Claim.

Even if Plaintiff had exhausted her statutory remedies, this Court would still lack jurisdiction to address her claims. The NRAB has exclusive jurisdiction over minor disputes. *Conrail*, 499 U.S. at 304; *Abdul-Qawy v. Amtrak*, 2005 U.S. Dist. LEXIS 44397 at *7. "In creating the scheme of mandatory arbitration superintended by the NRAB, the 1934 Amendment [to the RLA] largely 'foreclose[d] litigation' over minor disputes." *Union Pacific R.R.*, 558 U.S. at 74 (quoting *Union Pac. R.R. Co. v. Price*, 360 U.S. 601, 616 (1959)); *see also Railway Conductors v. Pitney*, 326 U.S. 561, 566 (1946) ("Not only has Congress . . . designated an agency peculiarly competent to handle [minor disputes], but . . . it also intended to leave a

minimum responsibility to the courts."). Courts only have jurisdiction under three limited circumstances: (1) failure of the NRAB to comply with the requirements of the RLA; (2) failure of the NRAB to conform to matters within the scope of its jurisdiction; and (3) fraud or corruption by a member of the division in deciding a matter. *See* 45 U.S. C. § 153(q).

As described above, Plaintiff's claim constitutes a minor dispute as defined by the RLA. Plaintiff has not sought recourse through the NRAB, and as such this case does not fall within one of the "limited circumstances" under which this matter can be litigated in court. Moreover, the statute authorizes judicial review by the appropriate United States District Court; state courts lack subject matter jurisdiction to adjudicate RLA claims. *See* 45 U.S. C. § 153(q) ("If any employee . . . or any carrier, is aggrieved by the failure of any division of the [NRAB] to make an award in a dispute referred to it . . . then such employee . . . or carrier may file in any United States district court . . . a petition for review of the division's order."). Accordingly, this Court does not have subject matter jurisdiction to entertain this suit.

**B.**     **This Court Lacks Subject Matter Jurisdiction Over Plaintiff's ADA Claim.**

Plaintiff's complaint states Amtrak "...denied Plaintiff's request for reasonable accommodations under the Americans with Disabilities Act (ADA)." (Compl. ¶ 11)  While Plaintiff alleges no supporting facts for this allegation, to the extent that Plaintiff seeks to allege a claim under the ADA, she must first file the claim with the EEOC or the District of Columbia Office of Human Rights ("DCOHR").  It is well settled that before bringing suit in court, "ADA plaintiffs, like those under Title VII, must exhaust their administrative remedies by filing an EEOC charge and giving that agency a chance to act on it." *Marshall v. Fed. Express Corp.*, 130 F.3d 1095, 1098 (D.C. Cir. 1997) (citing 42 U.S.C. §12117(a); *Park v. Howard Univ.*, 71 F.3d 904, 907-09 (D.C. Cir. 1995).

Plaintiff filed an Amended Charge with the DCOHR on August 7, 2015 alleging a claim of retaliation based on disability. This claim is thus currently pending before the DCOHR. No decision has been reached with respect to Plaintiff's claim, and no "right-to-sue" letter has been issued. Plaintiff is not entitled to bring suit until her administrative claim has been resolved by the DCOHR/EEOC. Consequently, Plaintiff's ADA claims should be dismissed.

### C.    Plaintiff Fails to State a Claim Under Rule 12(b)(6).

Rule 8 requires the Complaint to "give a defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. Further, Plaintiff must allege facts "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Potomac Dev. Corp. v. D.C.*, 28 A. 3d 531, 544 (D.C. 2011).

Plaintiff's Complaint is confusing and unintelligible. Not only is it difficult to discern a theory of liability, but it is also unclear what misconduct Plaintiff alleges. Indeed, there are only two sentences in the entire Complaint alleging any wrongdoing against Defendant Amtrak: that Amtrak denied Plaintiff's request for reasonable accommodations under the Americans with Disabilities Act (Compl. ¶ 11), and Amtrak "interfered with the Plaintiff's right to file grievances." (Compl. ¶ 16). There are no factual allegations alleged in the Complaint to put Amtrak on notice as to any alleged misconduct.

To the extent that Plaintiff attempts to allege a claim for negligence, Plaintiff's mere use of the term "negligence" is insufficient to allege a cause of action against Defendant Amtrak. Plaintiff offers no allegation that Defendant Amtrak had a duty not to "interfere" with grievances. Plaintiff also fails to state *any* facts as to how Defendant Amtrak was negligent. *See id.* ("Bare allegations of wrongdoing that 'are no more than conclusions are not entitled to the assumption of truth,' and are insufficient to sustain a complaint." (quoting *Iqbal*, 556 U.S. at

8

679)).  Although the pleading standard in Rule 8 does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* Plaintiff's allegations are exactly that; her conclusory statements and insufficient facts fail to state a claim against Defendant Amtrak.

Plaintiff's Complaint thus fails to "set forth sufficient information to outline the legal elements of a viable claim or to permit inferences to be drawn from the complaint that indicate that these elements exist." *Williams v. District of Columbia*, 9 A.3d 484, 488 (D.C. 2010).  As such, the Complaint does not state a cause of action against Defendant Amtrak and must be dismissed.

## IV.   CONCLUSION

For the foregoing reasons, (1) this Court lacks subject matter jurisdiction to adjudicate Plaintiff's grievance against Amtrak; (2) this Court lacks subject matter jurisdiction over Plaintiff's ADA claim; and (3) Plaintiff's complaint fails to state a claim under Rule 12(b)(6), the Complaint should be dismissed with prejudice in its entirety.

DATED this 11th day of November, 2015.

Respectfully submitted,

NATIONAL RAILROAD PASSENGER CORPORATION

By Counsel

BONNER KIERNAN TREBACH & CROCIATA, LLP

Joseph J. Bottiglieri, Esq. #418523
Felicity A. McGrath, Esq. #457511
Nadia A. Patel, Esq. #1019170
1233 20th Street, NW, Suite 800
Washington, DC 20036
(202) 712-7000
(202) 712-7100 (facsimile)
jbottiglieri@bonnerkiernan.com
fmcgrath@bonnerkiernan.com
npatel@bonnerkiernan.com
**Counsel for Defendant**

10

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### CIVIL DIVISION

WANDA J. WRIGHT,           )
                                    )
     Plaintiff,            )
                                    )     **Case No. 2015 CA 006775 B**
     v.               )     **Hon. John M. Mott**
                                    )     **Initial Conference 01/08/15**
NATIONAL RAILROAD PASSENGER )
CORPORATION, ET AL.     )
                                    )
     Defendants.        )

### PROPOSED ORDER

UPON CONSIDERATION of Defendant National Railroad Passenger Corporation's

Motion to Dismiss, any opposition thereto, and the record in this matter, it is hereby

    **ORDERED**, this _____ day of _____, 2015, that Defendant

National Railroad Passenger Corporation's Motion is **GRANTED** and it is further

    **ORDERED** that all claims against Defendant National Railroad Passenger Corporation

are dismissed with prejudice.

    **SO ORDERED.**


                                     _____
                                     Honorable John M. Mott
                                     Superior Court of the District of Columbia

cc:

Joseph J. Bottiglieri, Esq. #418523
Felicity A. McGrath, Esq. #457511
Nadia A. Patel, Esq. #1019170
1233 20th Street, NW, Suite 800
Washington, DC 20036

Wanda J. Wright
PO Box 7079
Washington, DC 20032

Amtrak Police Fraternal Order of Police
New Jersey Lodge 189
P.O. Box 143 JAF Station
New York, NY 10116